Commonwealth *v.* Connelly, Appellant.

452

Argued January 11, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and GUNTHER, JJ. (ROSS, J., absent).

*John W. Cost,* for appellant.

*Earl S. Keim,* Assistant District Attorney, with him *L. Alexander Sculco,* District Attorney, for appellee.

OPINION BY DITHRICH, J., March 12, 1951:

March 3, 1950, after a jury trial which lasted two days, appellant was sentenced to not less than eight and not more than sixteen years in the Western State Penitentiary on a charge of burglary. At the trial he was ably represented by Paul K. McCormick, referred to by the trial judge, speaking for the court en banc, as "one of the outstanding lawyers at our [Westmoreland County] Bar." Before sentence was imposed ap-

pellant was advised in open court as to his right to file a motion for a new trial, but he stated, in substance, that he had no reason for a new trial and wanted to get the matter over with.

Three days later, however, to wit, March 6, 1950, Patrick McKague, Esq., of New Kensington, Pa., another member of the Westmoreland County Bar, filed a motion for a new trial. The chief reason assigned was "after discovered evidence." When the motion came on for argument before the court en banc June 6, 1950, counsel for defendant revealed that the after-discovered evidence on which he relied was an admission by a Commonwealth witness that he had testified falsely against defendant. The admission was alleged to have been made by one Joseph Chess in the course of his trial on a charge of burglary in Allegheny County.

June 26, 1950, the motion for a new trial was refused, mainly on the technical ground that rule of court No. 142 had not been complied with. The rule is as follows: "Reasons for a new trial, grounded upon after discovered evidence, must be supported by affidavit filed with the reasons, stating the after discovery, the names of the witnesses, and the substance of their expected testimony; otherwise they will be disregarded." In the opinion of the trial judge, concurred in by the president judge and the two other judges of the court, "counsel" who filed the new trial motion "seemed to think that it was the duty of the District Attorney's office to . . . secure this after-discovered evidence . . . He made no effort apparently to secure a statement from the defendant [Chess], asserting that this was the District Attorney's duty." However, the court concluded: "We can see no reason to disturb the verdict of the jury, as the defendant [Connelly] had a fair and impartial trial and was very ably represented . . ."

In the brief filed on this appeal by yet a third attorney it is stated that the motion for a new trial filed March 6 "was to be heard before a court en banc on 14 March . . . and . . . was continued until 6 June . . . so that Attorney McKague might obtain the necessary affidavit and copy of alleged testimony to sustain the motion for a new trial." It is further stated that "on 6 March . . . Chess . . . testified [in Allegheny County] that the damaging evidence which he gave at the trial of the appellant in Westmoreland County was perjured." The "Excerpts of Testimony of Joseph M. Chess," certified by the official court reporter and filed after this appeal had been taken, disclose that the testimony was not given until March 16.

It is difficult, if not impossible, to reconcile the conflicting dates. Although the new trial motion filed March 6 assigned after-discovered evidence as the chief reason relied on, the testimony which purportedly constitutes such evidence was not given until March 16, ten days after the motion had been filed and two days after "appellant's counsel, apprised of the fact of Chess' admitted perjury requested a continuance, so that he might obtain the testimony from Allegheny County to prepare properly the after-discovered evidence." How counsel could have been apprised on March 14 of testimony which, as certified by the official reporter and verified by the original record, was not given until March 16, is beyond our comprehension. Could it be that appellant was anticipating that Chess would recant the testimony he had given against him?

There is nothing of record to substantiate the claim of appellant that Chess "was the only witness . . . who definitely and conclusively testified as to the guilt of appellant." None of the testimony was transcribed, and in the absence of a transcript we cannot say, as urged upon us by appellant, that "the false testimony may

[not] be eliminated without depriving the verdict of sufficient evidentiary support": *Commonwealth v. Ruff*, 92 Pa. Superior Ct. 530, 536. Twelve other witnesses were subpoenaed by the Commonwealth. It is reasonable to assume that some of them gave testimony that at least cumulatively would support the verdict.

In *Commonwealth v. Green*, 358 Pa. 192, 56 A. 2d 95, the Supreme Court said (p. 197): "The . . . contention that appellant should have been given a new trial to permit him to put in after-discovered evidence must be rejected because he has not made out a case within the rule. The well-established rule was stated by MOSCH-ZISKER, C. J., in Com. v. Elliott, 292 Pa. 16, at p. 24, 140 A. 537. 'After-discovered evidence, offered only to impeach the credibility of witnesses who testified at the trial, "furnishes no sufficient reason for granting a new trial": Com. v. Carter, 272 Pa. 551, 555. Speaking generally, the grant of a new trial is a matter of discretion with the trial court, and we will not . . . reverse the action of such a tribunal in refusing that relief unless it clearly appears that harmful error occurred at the trial, or in cases of manifest abuse of discretion (Com. v. Patterson, 272 Pa. 522, 524), which, after considering all the assignments on the subject, we do not find to be present here. . . .'" See also *Commonwealth v. Linkowski*, 363 Pa. 420, 70 A. 2d 278; *Commonwealth v. Hanes*, 162 Pa. Superior Ct. 206, 57 A. 2d 165; *Commonwealth v. Kuhn*, 158 Pa. Superior Ct. 154, 44 A. 2d 314; *Commonwealth v. Lucchese*, 155 Pa. Superior Ct. 325, 38 A. 2d 722.

Our review of the record in both this case and the Allegheny County case convinces us that the learned court below did not abuse its discretion in refusing appellant's motion for a new trial.

Judgment affirmed.