## Commonwealth *v.* Connelly, Appellant.

Argued November 12, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*William F. Caruthers,* for appellant.

*John K. Best,* Assistant District Attorney, with him *L. Alexander Sculco,* District Attorney, for appellee.

OPINION BY DITHRICH, J., January 20, 1953:

This is an appeal from the order of the Court of Oyer and Terminer and General Jail Delivery and the Court of Quarter Sessions of the Peace of Westmoreland County dismissing a petition for a writ of coram nobis.

On March 2, 1950, appellant, Harry Connelly, was convicted of burglary after a trial by jury. On March 6 he filed a petition for a new trial on the basis of after-discovered evidence. The petition was dismissed after argument before a court en banc. On appeal this Court affirmed in an opinion setting forth the facts of the case in detail: *Commonwealth v. Connelly,* 168 Pa. Superior Ct. 451 (allocatur refused ibid. xxiv), 78 A. 2d 884.

Appellant then filed a petition for a writ of coram nobis in the nisi prius court on August 8, 1951. The District Attorney of Westmoreland County filed an answer and the matter was disposed of on petition and answer after argument before a court en banc. The case is now before us on appeal from the refusal by the court below to grant the writ.

The uses and limitations of the writ of coram nobis in this jurisdiction have been clearly delineated. "The uses of the writ are limited in scope and it would be presumptuous at this late day to attempt to enlarge them": *Commonwealth v. Brewer,* 170 Pa. Superior Ct. 251, 253, 85 A. 2d 618. In *Commonwealth v. Harris,*

351 Pa. 325, 328, 41 A. 2d 688, Chief Justice MAXEY quoted the following from 2 Ruling Case Law, §262, p. 307: " 'The purpose of the writ of coram nobis is to bring before the court rendering the judgment matters of fact which if known at the time the judgment was rendered would have prevented its rendition. It lies to correct errors in fact only, and will not lie to correct errors in law, nor will it lie to permit the review of a judgment for after-discovered evidence.' "

No issue has been raised by the petition for the writ of coram nobis that was not considered by this Court on appeal from the refusal of a new trial on the ground of after-discovered evidence.

Order affirmed.