Commonwealth *v.* Richardson, Appellant.

Submitted September 29, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*J. Howard Neely,* for appellants, submitted a brief.

*Harold F. Kerchner,* District Attorney, for appellee, submitted a brief.

OPINION BY DITHRICH, J., January 20, 1953:

This matter is now before the Court on appeal by appellants from the discharge of a rule to show cause why a writ of coram nobis should not issue. Upon presentation of the petition for the writ, J. Howard Neely, Esquire, was appointed to represent appellants. An answer was filed by the District Attorney of Juniata

County and the matter came on to be heard upon petition and answer. After argument and the filing of briefs, but without the taking of testimony, TROUTMAN, P. J., denied the prayer of the petition and discharged the rule. By agreement of counsel the cases were heard together and will be disposed of in this one opinion.

Both appellants entered pleas of guilty to two indictments, each charging the crime of burglary, and were sentenced on each indictment to serve a term of not less than ten nor more than twenty years in the Western State Penitentiary, to be computed from October 3, 1947, the date of their commitment to the Juniata County Jail.

On May 17, 1949, they filed petitions for writs of habeas corpus in the Court of Common Pleas of Allegheny County at Nos. 1653 July Term, 1949, Dkt. A, and 1654 July Term, 1949, Dkt. B. Their principal allegation was that they were deprived of the right of counsel. An answer was filed by the District Attorney of Juniata County and affidavits by the former District Attorney and a State Police officer submitted, stating that defendants had been asked by the court if they had or desired counsel and that both had answered "No" to each question. On June 3, 1949, the late HARRY H. ROWAND, President Judge of the Court of Common Pleas of Allegheny County, dismissed the petition and denied the writ. No appeal was taken.

In the case of Elmer Richardson, a petition for a writ of habeas corpus was filed in this Court and entered to No. 229 Miscellaneous Docket, and a rule to show cause issued. The gist of the petition was that he was illegally sentenced in the Court of Oyer and Terminer of Juniata County on two indictments that were drawn in the Court of Quarter Sessions. The answer filed by the District Attorney clearly shows that

the indictment at No. 1 October Sessions, 1947, was drawn in the Court of Oyer and Terminer and that the indictment at No. 3 October Sessions, 1947, while drawn in the Court of Oyer and Terminer, was inadvertently on the printed form of indictment for the Court of Quarter Sessions. The entry of a plea of guilty waived all defects in the indictment and, although the record did not show proper certification of the second indictment to the Court of Oyer and Terminer, it was at most a formal defect. *Commonwealth v. Eberhardt,* 164 Pa. Superior Ct. 591, 67 A. 2d 613. Upon consideration of the petition, the answer thereto, and the original records, including the indictments upon which the relator entered pleas of guilty, the rule to show cause was, on September 29, 1950, discharged by order of President Judge RHODES.

On August 16, 1951, appellants filed separate petitions in the Court of Common Pleas of Juniata County for a writ of habeas corpus, averring mental defectiveness as a basis for the issuance of the writ. The petitions were dismissed and the writs denied. No appeal was taken.

Of the writ of coram nobis, we said in *Commonwealth v. Brewer,* 170 Pa. Superior Ct. 251, 252, 253, 85 A. 2d 618: "Under the writ in an appropriate case a judgment can be set aside by the court which entered it, for material errors of fact, *but not of law,* affecting its validity, and unknown to the court when it was entered."

The first assignment of error is that the court erred in "permitting a mentally defective person to enter a plea of guilty to a serious charge of burglary." But as stated in the opinion of the learned president judge of the court below: "The basis of this contention is the fact that he was an inmate of Polk State School. This was not a fact unknown and unknowable to both

the Court and the petitioner at the time of imposition of sentence." See *Commonwealth v. Harris,* 351 Pa. 325, 41 A. 2d 688.

In *Commonwealth v. Elliott,* 371 Pa. 70, 89 A. 2d 782, the Court affirmed a judgment and sentence of death in a murder case, the Court saying (p. 75): "Counsel for defendant admits that he was not legally insane, but contends he was so mentally deficient as to justify only a sentence of life imprisonment. Mental deficiency is a fact which always should be and in this case was taken into consideration in determining and fixing the penalty or sentence. However, no case in Pennsylvania has ever decided that a trial Judge or a Supreme Court *must, as a matter of law,* reduce a sentence from death to life imprisonment because the defendant is an unstable, weak moron or a mental defective."

In *Commonwealth ex rel. Mulligan v. Smith,* 156 Pa. Superior Ct. 469, 40 A. 2d 701, this Court held, in an opinion which had been prepared by President Judge KELLER before his death and subsequently adopted and filed as the opinion of the Court, that an escapee, who had been committed to a State hospital for the insane, could be sentenced to the penitentiary on pleading guilty to crimes committed while he was at large.

The second and third assignments of error have previously been passed upon and adjudicated, and no useful purpose would be served by further discussion. The learned court below said that, while the petition for a writ of error coram nobis apparently is based on alleged error of the court in accepting a plea of guilty to a serious crime by a person mentally defective, it is, in reality, another appeal from what appellant set forth in his petition for a writ of habeas corpus as " 'Excessive punishment imposed upon him,' " and

urged upon the court that " 'Where a defendant pleads guilty to a crime and throws himself on the mercy of the Court . . . the usual practice [is] to show the defendant some sort of leniency and not impose the maximum penalty under the law.' If the defendant was given too severe a sentence he has a remedy before the proper tribunal."

What we have said is applicable to each appellant, and, furthermore, in the case of David Richardson it appears that after his discharge from the Polk State School on August 5, 1939, he was inducted into the United States Army and served from October 24, 1942, to September 29, 1945, when he was discharged on the basis of points accumulated for honorable service. This certainly would be evidence, if any were needed, that he was not mentally defective when he appeared before the court, entered his plea and was sentenced.

Orders affirmed.