Commonwealth ex rel. Patterson, Appellant, *v.* Keenan.

Submitted November 17, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*James Irving Patterson,* appellant, in propria persona.

*James F. Malone, Jr.,* District Attorney and *Albert A. Fiok,* Assistant District Attorney, for appellee.

OPINION BY ROSS, J., January 17, 1956:

James Patterson appeals from the dismissal of his petition for a writ of error coram nobis. Appellant, on March 9, 1953 was found guilty of robbery and receiving stolen goods and sentenced to imprisonment in the Allegheny County Workhouse for a term of from

3 to 6 years. He then filed a petition for writ of error coram nobis which was changed to habeas corpus. This was dismissed after a hearing at which appellant was present and represented by counsel and no appeal was taken therefrom. On July 7, 1955, he filed the instant petition for a writ of error coram nobis raising practically the identical issues. It was dismissed without hearing and this appeal followed.

A writ of error coram nobis is designed to bring before the court rendering the initial judgment such matters of fact which were unknown at the time the judgment was rendered, through no fault of the defendant, but which had they been known, would have prevented rendition of the judgment. It is concerned only with factual errors, never operating to correct errors of law. *Commonwealth v. Harris*, 351 Pa. 325, 328, 41 A. 2d 688; *Commonwealth v. Connelly*, 172 Pa. Superior Ct. 363, 365, 94 A. 2d 68. Since no such facts are asserted in the petition, it must fail.

The averments of the appellant's petition relate only to alleged errors during or prior to trial. He contends that the evidence was obtained by illegal search and seizure, that the indictment was obtained without sufficient evidence, that he was deprived of sufficient time to prepare his case, that his trial counsel was incompetent, that the evidence was insufficient to convict and that the trial judge was biased. These alleged errors should have been raised by appeal from the conviction. A petition for writ of error coram nobis, just as a petition for writ of habeas corpus, cannot be used as a motion for a new trial; nor can such proceedings be a substitute for an appeal.

Furthermore the matters asserted in the present petition are in substance the same as were raised in the previous proceeding from which no appeal was taken and consequently a dismissal of the present peti-

tion on the basis of the previous adjudication would be justified. *Commonwealth ex rel. Banks v. Claudy,* 370 Pa. 190, 88 A. 2d 53; *Commonwealth ex rel. Kosele v. Keenan,* 178 Pa. Superior Ct. 461, 464, 116 A. 2d 314. There is no merit in the present appeal from any point of view and the dismissal of the petition for writ of error coram nobis was entirely proper.

Order affirmed.