## Commonwealth of Pennsylvania *v.* Gatens, Appellant.

Submitted June 11, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Henry J. Gatens,* appellant, in propria persona.

*Juanita Kidd Stout,* Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY GUNTHER, J., September 16, 1959:

This appeal is from the order dismissing the petition for writ of error coram nobis filed by appellant, Henry J. Gatens.

On October 29, 1957, appellant waived jury trial and was tried and convicted on ten bills of indictment charging sodomy. On one bill, he was sentenced to a term of not less than three nor more than ten years in the Eastern State Penitentiary. No appeal was taken from this conviction and sentence. In 1958, appellant filed a petition for writ of habeas corpus in the court of Common Pleas of Philadelphia County and this was dismissed. We affirmed the order of dismissal on appeal in *Commonwealth ex rel. Gatens v. Banmiller,* 187 Pa. Superior Ct. 552, 145 A. 2d 192. Subsequently, he filed a petition for writ of error coram nobis which was dismissed without hearing as being without merit. The basis of this petition was an alibi to the effect that on June 27, 1957, the date charged in the indictment, he was not in Philadelphia but was in

Florida, and that at the time of sentence he did not know that he was charged with having committed a crime on June 27, 1957 and that had he known the date, he would have produced evidence to prove that he was not in the jurisdiction.

The application for writ of coram nobis was properly denied. Appellant presented nothing in the court below or here which might be a basis upon which such a writ can issue. Since he was represented by counsel when he waived a jury trial, he is presumed to have known the dates charging the offenses in the indictments. If he were in Florida on the date charged in the indictment here involved, he undoubtedly had this information at the time of his trial. Furthermore, the evidence alleged to prove such allegation, being a receipt from an automobile repair shop dated June 27, 1957 and made out to "cash" from Sebastian, Florida, is so inconclusive that such evidence, even if offered, would not have prevented a finding of guilt.

Both the Supreme Court and our Court have stated repeatedly that a writ of error coram nobis is designed to bring before the court imposing sentence such matters of fact which were unknown at the time the judgment was rendered, unknown by the defendant or unknowable by the exercise of diligence, which if known would have prevented the judgment either in its entirety or in the form in which it was rendered. *Commonwealth v. Kurus,* 371 Pa. 633, 92 A. 2d 196; *Commonwealth v. Harris,* 351 Pa. 325, 41 A. 2d 688; *Commonwealth v. McKinley,* 181 Pa. Superior Ct. 610, 123 A. 2d 735; *Commonwealth v. Rogers,* 188 Pa. Superior Ct. 194, 147 A. 2d 169; *Commonwealth v. Connelly,* 172 Pa. Superior Ct. 363, 94 A. 2d 68.

Order affirmed.