**Commonwealth ex rel. Helwig v. Maroney**

*Roy Helwig,* relator, p. p.

*Richard Agresti,* Assistant District Attorney, for Commonwealth.

EVANS, P. J., October 11, 1960.—Inasmuch as an appeal has been taken from our order of August 5, 1960, refusing petitioner's request for a writ of coram nobis, habeas corpus, issuance of subpoenas and a new trial, it is necessary that we file an opinion in support of the order made.

We attach herewith a copy of our opinion filed in the proceedings at no. 128, February sessions, 1956 at which term and number petitioner was found guilty and sentenced on the charge of burglary.

This opinion summarizes the testimony taken and the rulings made by the trial court over a period of eight days. An appeal was taken to the Superior Court which affirmed the judgment: Commonwealth v. Helwig, 184 Pa. Superior Ct. 370.

Petitioner brought habeas corpus proceedings in the Federal Court and most of the matters before us in this proceeding were considered and found to be without merit: United States of America ex rel. Roy Helwig v. Angelo C. Cavell, 171 F. Supp. 417.

With reference to the petition for a writ of coram nobis, we quote from Commonwealth ex rel. Patterson v. Keenan, 180 Pa. Superior Ct. 352, as follows:

"A writ of error coram nobis is designed to bring before the court rendering the initial judgment such matters of fact which were unknown at the time the judgment was rendered, through no fault of the defendant, but which had they been known would have prevented rendition of the judgment."

We have here nothing but petitioner's averments of perjury and connivance during the trial and these are insufficient to permit a retrial of the whole matter. Were the law otherwise, trials would never end.

The petition for a writ of habeas corpus was properly refused because this is not a method which may be used as a substitute for an application for new trial. It necessarily follows that the petition for the issuance of subpoenas was properly refused.