Commonwealth *v.* Taylor, Appellant.

Argued September 13, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Jerome Everette Taylor,* appellant, in propria persona, submitted a brief.

*Charles L. Durham* and *Domenick Vitullo,* Assistant District Attorneys, *Paul M. Chalfin,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for Commonwealth, appellee.

OPINION BY WRIGHT, J., November 16, 1960:

This is an appeal by Jerome Everett Taylor from an order of the Court of Quarter Sessions of Philadelphia County dismissing his petition for a writ of error coram nobis.

On November 13, 1959, Taylor was involved in a robbery at the Reliance Federal Savings and Loan Association, 5519 Germantown Avenue, Philadelphia. On February 9, 1960, he was tried and convicted in the United States District Court for the Eastern District of Pennsylvania, and was sentenced by Judge KRAFT to five years imprisonment, plus five years probation at the expiration of the prison term. He is presently confined in the United States Penitentiary at Lewisburg, Pennsylvania.

On February 29, 1960, Taylor entered pleas of guilty in the Court of Quarter Sessions of Philadelphia County to Bills Nos. 1035, 1037, and 1038 November Sessions 1959, charging respectively carrying a concealed deadly weapon, robbery by violence, and

conspiracy. On the same date, he was sentenced by President Judge SLOANE to a prison term of six to twelve years, to commence at the expiration of the sentence imposed by Judge KRAFT. On April 18, 1960, Taylor filed the instant petition for a writ of error coram nobis, which petition was denied by the court below on May 13, 1960.

Appellant here attempts to advance three contentions which he states as follows: "Point I. . . . Appellant was not sufficiently represented by counsel. Point II. . . . Coerced Federally extorted evidence was used at State Arraignment and the threat of using such evidence for the trial is what prompted appellant to institute a plea of guilty. Point III. . . . Appellant was convicted and sentenced on previous indictment similar and substantiating same offense being put in jeopardy twice for the same crime, and sentences conflict".

Although the ancient remedy of error coram nobis is still in existence in Pennsylvania, it is one which in practice has become almost obsolete: *Commonwealth v. Brewer,* 170 Pa. Superior Ct. 251, 85 A. 2d 618. The writ lies only where some fact exists outside of the record, which fact was not known at the time the judgment was rendered, through no fault of the petitioner, and which fact, if known, would have prevented the judgment: *Commonwealth v. Harris,* 351 Pa. 325, 41 A. 2d 688. And see *Commonwealth v. Mathews,* 356 Pa. 100, 51 A. 2d 609. The writ of error coram nobis is concerned only with factual errors, never operating to correct errors of law: *Commonwealth v. Connelly,* 172 Pa. Superior Ct. 363, 94 A. 2d 68. In repeatedly rejecting efforts to make use of this extraordinary writ, we have invariably referred to its limited scope.[1]

---

[1] *Commonwealth v. Geisel,* 170 Pa. Superior Ct. 636, 90 A. 2d 306; *Commonwealth v. Richardson,* 172 Pa. Superior Ct. 354, 94

A petition for a writ of error coram nobis, just as a petition for a writ of habeas corpus, cannot be used as a motion for a new trial; nor can such proceeding be a substitute for an appeal: *Commonwealth ex rel. Patterson v. Keenan,* 180 Pa. Superior Ct. 352, 119 A. 2d 660. See also *Commonwealth v. Kurus,* 371 Pa. 633, 92 A. 2d 196. It is readily apparent, in the light of the foregoing legal principles, that appellant's petition is devoid of merit, and that it was properly dismissed by the court below.

While our opinion might well end at this point, we will briefly answer appellant's third and principal contention, the only one which he raised in the lower court. See *Commonwealth v. Mays,* 182 Pa. Superior Ct. 130, 126 A. 2d 530. The same act may constitute an offense against both federal and state governments, and punishment by each sovereignty does not constitute a violation of either the Constitution of the United States or the Constitution of Pennsylvania: *Commonwealth ex rel. Garland v. Ashe,* 344 Pa. 407, 26 A. 2d 190. As pointed out in the opinion below, this proposition has been recently reiterated by the Supreme Court of the United States in *Bartkus v. Illinois,* 359 U. S. 121, 79 S. Ct. 676, and *Abbate v. United States,* 359 U. S. 187, 79 S. Ct. 666.

Order affirmed.

---

A. 2d 85; *Commonwealth ex rel. Riccio v. Dilworth,* 179 Pa. Superior Ct. 64, 115 A. 2d 865; *Commonwealth ex rel. Yeschenko v. Keenan,* 179 Pa. Superior Ct. 145, 115 A. 2d 386; *Commonwealth v. Kadio,* 179 Pa. Superior Ct. 196, 115 A. 2d 777; *Commonwealth ex rel. Luzzi v. Court of Berks County,* 179 Pa. Superior Ct. 486, 118 A. 2d 227; *Commonwealth v. Morrison,* 180 Pa. Superior Ct. 133, 118 A. 2d 263; *Commonwealth v. Ondrejcak,* 181 Pa. Superior Ct. 102, 124 A. 2d 406; *Commonwealth v. Gatens,* 190 Pa. Superior Ct. 464, 154 A. 2d 296.