## Commonwealth ex rel. Prater v. Myers

*Earl F. Prater*, p. p.

*Harold W. Spencer*, District Attorney, for respondent.

DANNEHOWER, P. J., July 24, 1961.—Defendant, Earl Fletcher Prater, after a jury trial in 1955, was

convicted of burglary, rape and sodomy, and at the present time has served six and one-half years of a 10 to 20 year sentence.

Prior, he has filed a petition for a writ of habeas corpus in 1958, which was dismissed and also filed for a commutation of sentence and was refused.

He now files a petition for a writ of coram nobis alleging some trial errors.

At the trial, he was represented by able and competent counsel, and no motions for a new trial or in arrest of judgment were filed.

"The writ of error coram nobis lies only where some fact exists outside of the record, which fact was not known at the time the judgment was rendered, through no fault of the petitioner, and which fact, if known, would have prevented the judgment." Commonwealth v. Taylor, 193 Pa. Superior Ct. 360. (syllabus)

A petition for a writ of coram nobis or writ of habeas corpus cannot be used as a motion for a new trial, nor can such proceedings be a substitute for an appeal. There is no merit in any of petitioners contentions.

And now, July 24, 1961, writ denied and petition dismissed.