## Commonwealth ex rel. Weaver v. Maroney

150

*Joseph Weaver*, p. p., relator.

WOLFE, J., Specially Presiding, August 17, 1961.— Joseph Weaver, now serving a sentence in the Western State Correctional Institution, has presented a petition for a "Writ of Error", claiming that certain prejudicial errors occurred at the time of the trial and verdict which led to his sentence. He complains that one of the jurors was biased; that he did not have an opportunity to challenge any juror; that he was not permitted to properly cross-examine witnesses; that one of the witnesses against him was perjured; that there was a conspiracy on the part of police and witnesses to convict him; that some of the testimony against him was hearsay; and that he has a right to appeal from a judgment against him.

Weaver was represented by counsel and all of these questions could have been raised at the time of the trial, and raised again by appeal from the conviction. A petition for a writ of error coram nobis cannot be used as a motion for a new trial, nor can it be a substitute for an appeal: Commonwealth ex rel. Patterson v. Keenan, 180 Pa. Superior Ct. 352; Commonwealth ex rel. Helwig v. Maroney, 24 D. & C. 2d 93. Such a writ brings before the court rendering the initial judgment matters of fact unknown at the time of judgment through no fault of the defendant, which, had they been known, would have prevented rendition of the judgment: Commonwealth ex rel. Patterson v. Keenan, supra. No such facts are asserted in this petition, and it is, therefore, dismissed.