J-S27025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ARACELIS SUAREZ | : | |
| | : | |
| Appellant | : | No. 3448 EDA 2017 |

Appeal from the PCRA Order October 13, 2017
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0001048-2011

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 29, 2018**

Aracelis Suarez appeals from the order, entered in the Court of Common Pleas of Monroe County, dismissing her petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA") or, in the alternative, the writ of *coram nobis*.  After careful review, we affirm.

On December 20, 2011, Suarez, a Cuban national with permanent U.S. residency, pled guilty to one count of possession with intent to deliver a controlled substance.[1]  She was subsequently sentenced to 9 to 23 months' incarceration on February 16, 2012.  On August 29, 2012, the trial court granted Suarez's petition for early parole and ordered that her supervision be waived and discontinued.  On April 17, 2017, Suarez filed a PCRA petition, in which she alleged that she had entered her plea "with the understanding and

_____

[1] 35 P.S. § 780-113(a)(30).

knowledge that she would not face deportation because of the long-standing diplomatic situation between the United States and Cuba." PCRA Petition, 4/17/17, at ¶ 4. However, Suarez asserted that, "[s]ince the taking of her plea, . . . circumstances have changed due the opening of diplomatic ties with Cuba and modified United States policy regarding the deportation of individuals convicted of certain offenses." *Id.* at 6. She alleged that she would not have agreed to plead guilty had she known she would be subject to deportation and, thus, her plea was not entered knowingly, intelligently, and voluntarily.

On April 24, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss without an evidentiary hearing. On May 30, 2017, Suarez responded to the court's Rule 907 notice with an "Answer Regarding Timing of Motion for Post Conviction Collateral Relief," in which she averred that "[a]t the time [Suarez] entered the plea, there was no way she would have been able to ascertain the possibility of deportation to Cuba, as such deportation was not a legal viability." Answer Regarding Timing, 5/30/17, at ¶ 8. However, Suarez asserted that "[r]ecent changes to this law have made such deportation possible, if not likely." *Id.* at 9.

On June 12, 2017, the Commonwealth filed its answer to Suarez's motion. Thereafter, on June 17, 2017, Suarez filed a petition for writ of *coram nobis*, arguing that, to the extent she is ineligible for PCRA relief, "*coram nobis* now stands as the sole means of addressing what would otherwise be an unconstitutional conviction and result." Petition for Writ of *Coram Nobis,*

6/17/17, at ¶ 18. The Commonwealth responded on June 29, 2017, and the court held a hearing on July 18, 2017. Both parties filed court-ordered briefs and, on October 13, 2017, the court issued an opinion and order denying relief under both the PCRA and the writ of *coram nobis*. This timely appeal follows, in which Suarez raises the following issues for our review:

> 1. Did the trial court err and abuse its discretion by not finding that any failure of [Suarez] to file a timely PCRA was the result of the ineffectiveness of counsel and, as such, that [her] PCRA was timely filed for court review?
>
> 2. Did the trial court err and abuse its discretion by not finding, following [the] PCRA hearing, that trial counsel was ineffective and that such inefficiency [sic] was constitutionally infirm such that [Suarez] is entitled to a new trial?
>
> 3. Did the trial court err and abuse its discretion by not finding that if [Suarez's] PCRA petition was denied, she is entitled to *coram nobis* relief?

Brief of Appellant, at 5.

> We begin by noting our well-settled standard of review:
>
> On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

**Commonwealth v. Medina**, 92 A.3d 1210, 1214–15 (Pa. Super. 2014) (citations and quotations omitted).

To be eligible for relief under the PCRA, a petitioner must plead and prove that she has been convicted of a crime under the laws of this Commonwealth and is, at the time relief is granted, currently serving a sentence of imprisonment, probation or parole for the crime. 42 Pa.C.S.A. § 9543(a)(1). Here, Suarez concedes that she is no longer subject to any form of supervision as a result of her conviction. Thus, she is ineligible for PCRA relief.[2] **See Commonwealth v. Ahlborn**, 699 A.2d 718, 720 (Pa. 1997) ("[T]he denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the statute. To be eligible for relief a petitioner must be currently serving a sentence of imprisonment, probation or parole. To grant relief at a time when appellant is not currently serving such a sentence would be to ignore the language of the statute.).

Suarez argues that, even if she is not entitled to relief under the PCRA, she is nonetheless entitled to relief under the writ of *coram nobis*. We disagree.

Although the ancient remedy of error *coram nobis* is still in existence in Pennsylvania, it is one which in practice has become almost obsolete. **Commonwealth v. Brewer**, 85 A.2d 618 (Pa. Super. 1952). In repeatedly rejecting efforts to make use of this extraordinary writ, this Court has

_____

[2] Suarez attempts to argue that her petition should be deemed timely because she satisfies two of the exceptions to the jurisdictional time bar under section 9545(b)(1). However, even if she could establish **jurisdiction**, which she cannot, she still cannot establish **eligibility** for relief, as she is no longer serving a sentence. **Ahlborn**, **supra**.

invariably referred to its limited scope. ***Commonwealth v. Taylor***, 165 A.2d 390, 391 (Pa. Super. 1960). Specifically, the writ lies only where some fact exists outside of the record, which fact was not known at the time the judgment was rendered, through no fault of the petitioner, and which fact, if known, would have prevented the judgment. ***Id.***, citing ***Commonwealth v. Harris***, 41 A.2d 688 (Pa. 1945). The writ of error *coram nobis* is concerned only with factual errors, never operating to correct errors of law. ***Id.***, citing ***Commonwealth v. Connelly***, 94 A.2d 68 (Pa. Super. 1953).

In 1988, the legislature enacted the PCRA, which replaced the Post Conviction Hearing Act ("PCHA"). Under the PCHA, "[a]ll claims previously cognizable on a common law writ, in circumstances not covered by the terms of the Act, may still be litigated by means of the common law writ. Merely because one is not incarcerated, on parole or probation does not [p]er se preclude a collateral attack on his conviction." ***Commonwealth v. Sheehan***, 285 A.2d 465, 467 (Pa. 1971). However, in enacting the PCRA, the legislature significantly altered the eligibility requirements for collateral relief. Of significance here, section 9542 of the PCRA provides:

> This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. **The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and *coram nobis*.** This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues

waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction. Except as specifically provided otherwise, all provisions of this subchapter shall apply to capital and noncapital cases.

42 Pa.C.S.A. § 9542 (emphasis added).

Our Supreme Court has construed the language of section 9542 to

demonstrate[] quite clearly that the General Assembly intended that claims that **could** be brought under the PCRA **must** be brought under that Act. No other statutory or common law remedy "for the same purpose" is intended to be available; instead, such remedies are explicitly "encompassed" within the PCRA.

***Commonwealth v. Hall***, 771 A.2d 1232, 1235 (Pa. 2001) (emphasis in original).

Here, Suarez's underlying claim is that her plea was invalid, as it was not entered knowingly, intelligently and voluntarily due to the alleged ineffectiveness of plea counsel. Such a claim falls squarely within the ambit of the PCRA. ***See Commonwealth v. Descartes***, 136 A.3d 493 (Pa. 2016) (claim based on counsel's ineffectiveness in advising him regarding possible deportation consequences of plea could have been raised in PCRA petition). Accordingly, as Suarez's claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral review. ***Ahlborn***, ***supra***. "[C]oram nobis relief does not become available merely because the PCRA refuses to remedy

a petitioner's grievance."[3] ***Commonwealth v. Pagan***, 864 A.2d 1231, 1233

(Pa. Super. 2004).

_____

[3] In any event, our review of the record in this matter demonstrates that Suarez's underlying ineffectiveness claim is without merit. Although Suarez asserts that she was told by plea counsel that "she would absolutely not be deported were she to plead guilty in this case," the record belies her assertion. Specifically, at the PCRA hearing, Chandra Bleice, Esquire, Suarez's plea counsel, testified as follows:

> Q: Do you remember discussing with her at that time questions of deportation?
>
> A: I tell all of my clients that have pled to possession with intent to deliver that if they have -- if they're here legally they could potentially be deported based on that plea.
>
> Q: Okay. Did you have any special discussion with her since she was from Cuba? Let me put it this way: Do you recall discussions involving the special status of someone from Cuba?
>
> A: I remember some discussion being brought up with the interpreter and Ms. Suarez present whether she was going to be deported based on the U.S. and Cuba's relations and whether or not Cuba would accept her, something to that effect. I could not give her advice on whether or not Cuba was going to deport her -- or the U.S. was going to deport her back to Cuba. My advice to immigration clients is the same based on what their plea is to or what they have been convicted [of]. It doesn't change based on what country they're from.
>
> Q: There was discussion at the time, however, that Cuba was a special situation?
>
> A: I remember something to the effect about Cuba, yes. I don't -- my advice could only have been I don't know.
>
> Q: Do you recall when Cuba -- did she say to you, "I won't be deported to Cuba," or did someone say that to her, if you recall?
>
> A: I don't know. **I never told her that she would not be deported because she was from Cuba**.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/29/18

---

N.T. PCRA Hearing, 7/18/17, at 16-17 (emphasis added).

Additionally, at Suarez's plea hearing, the trial judge noted the potential immigration impact of the plea as follows:

> THE COURT: . . . There are also things called collateral consequences of pleas. They are things that don't come out in sentencing but that might affect you in some other way. The best example of that is if you are not a United States citizen certain pleas and certain sentencings may affect your immigration status, your ability to remain in the country or your ability to leave the country and come back to the country. So that might apply in your case. That's something you do need to ask your attorney or they should have already spoken with you about.

N.T. Guilty Plea Hearing, 12/20/11, at 6.

Based on the foregoing, it is clear that Suarez has not proven that counsel advised her that she would not be deported because she was from Cuba, or that she was unaware of the potential immigration consequences of her guilty plea. Accordingly, even if the plain language of the PCRA did not foreclose consideration of her claim pursuant to the writ of *coram nobis*, she would be entitled to no relief.