Commonwealth ex rel. Rogers, Appellant, *v.* Claudy.

Submitted April 17, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Russell M. Orcutt* and *Joseph Rogers,* appellant, in propria persona, submitted a brief.

*Damian McLaughlin,* District Attorney and *Lindley R. McClelland,* Assistant District Attorney for appellee, submitted a brief.

PER CURIAM, July 17, 1952:

The Court of Common Pleas of Erie County dismissed the petition of Joseph Rogers for writ of habeas corpus, and he has appealed. The relator stated in his petition filed December 31, 1951, that he was not asking the court for his freedom, but was requesting vacation of his sentence and transfer to some other institution where he could receive psychiatric treat-

ment. Relator attributed his criminal propensities to the fact that he is a chronic alcoholic. Except for short intervals, he has been confined in various institutions since 1934. On September 10, 1951, relator, appearing with counsel, entered a plea of guilty to a charge of larceny, and he was sentenced by the Court of Quarter Sessions of Erie County to the Western State Penitentiary for a term of not less than two and one-half years nor more than five years. He indicates that he is mentally and emotionally ill, and that, due to lack of control, when he again gains his freedom, he would soon be recommitted to jail.

Relator's petition avers no unlawful detention, and he does not claim that he is entitled to be discharged or released. The present habeas corpus proceeding does not afford relator with a remedy for the matters of which he complains. See *Com. ex rel. Biglow v. Ashe,* 348 Pa. 409, 35 A. 2d 340; *Com. ex rel. Lieberman v. Burke,* 158 Pa. Superior Ct. 207, 44 A. 2d 597. In the absence of any allegations in the petition which make out a prima facie case for allowing a writ of habeas corpus, no hearing on the petition was necessary, and the issuance of a rule to show cause was not required. *Com. ex rel. De Poe v. Ashe,* 167 Pa. Superior Ct. 23, 74 A. 2d 767. See Act of May 25, 1951, P. L. 415, 12 PS §1901 et seq.

Relator's condition may warrant the attention of the penitentiary authorities or justify other appropriate action (see Mental Health Act of 1951, as amended, Nos. 141, 581, 50 PS §1071 et seq.), but relief is not available in this proceeding.

Order is affirmed.