Commonwealth ex rel. Spader, Appellant, *v.*
Burke.

Submitted March 20, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Albert Spader,* appellant, in propria persona, submitted a brief.

*Richardson Dilworth,* District Attorney, *Michael von Moschzisker,* First Assistant District Attorney, and *Armand Della Porta,* Assistant District Attorney, for appellee, submitted a brief.

PER CURIAM, July 17, 1952:

Relator had been indicted and sentenced to the Eastern State Penitentiary on January 3, 1940, by the Court of Oyer and Terminer of Philadelphia County after entering pleas of guilty to five bills of indictment, Nos. 833, 834, 835, 836, and 837, December Sessions, 1939. The sentences were consecutive; and they were endorsed on each indictment, and signed by the trial judge, Honorable HARRY S. MCDEVITT.[1]

On October 18, 1951, relator filed his petition for writ of habeas corpus in the Court of Common Pleas No. 4 of Philadelphia County, contending that the sentences were null and void because the transcript of the proceedings disclosed that the trial judge orally stated that relator was sentenced for a period of not less than twenty years and six months and not in excess of forty-one years. These were the totals of the minimum and maximum sentences.

---

[1] See *Com. ex rel. Scoleri v. Burke,* 171 Pa. Superior Ct. 285, 90 A. 2d 847.

Hearing was held before Judge LEVINTHAL on the petition for writ of habeas corpus on October 26, 1951, at which relator was present and testified. Thereafter, the petition was dismissed and relator remanded. On December 8, 1951, an appeal was taken to this Court. Briefs were filed by relator and the District Attorney of Philadelphia County; the case was submitted without argument on March 20, 1952. It is admitted that, pending the disposition of this appeal, relator was released on parole by the Pennsylvania Board of Parole on May 29, 1952. As a consequence of the parole relator is no longer in the custody of the Warden of the Eastern State Penitentiary from whose custody, by writ of habeas corpus, relator sought his discharge. Since relator's release respondent-warden could not produce his body to answer any judgment of the court. A writ of habeas corpus is directed to the person detaining another and commanding him to produce the body. Relator being no longer detained by the respondent-warden the proceeding against him has become moot. See *Van Meter v. Sanford*, 5 Cir., 99 F. 2d 511; *Ex parte Herrera et al.*, (Cal.) 137 P. 2d 82, 86.

Appeal is dismissed.