## Commonwealth ex rel. Maisels, Appellant, *v.* Baldi.

Argued October 6, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Irwin Paul,* for appellant.

*Michael von Moschzisker,* First Assistant District Attorney, with him *Malcolm Berkowitz,* Assistant District Attorney and *Richardson Dilworth,* District Attorney, for appellee.

PER CURIAM, November 12, 1952:

This is an appeal by relator from the refusal of a writ of habeas corpus. The proceeding has become moot, and therefore the appeal will be dismissed. *Com. ex rel. Spader v. Burke,* 171 Pa. Superior Ct. 289, 90 A. 2d 849. See *Richards v. Johns,* 338 Pa. 232, 13 A. 2d 59.

Relator was arrested on February 29, 1952, and charged with the unlawful use and possession of narcotics. He was given a preliminary hearing before a magistrate on March 1, 1952, and held in $1,000 bail for action by the grand jury. On the same day he was committed to the Philadelphia County Prison in default of bail set by the magistrate at the hearing. On March 4, 1952, relator filed a petition for writ of habeas corpus in the Court of Common Pleas No. 4, Philadephia County, setting forth that the Commonwealth had failed to prove the offense for which relator was detained. After hearing on March 7, 1952, the petition was denied and relator was remanded to the custody of the superintendent of the county prison. Prior to this hearing, on March 6, 1952, the grand jury had returned a true bill charging relator with the illegal use and possession of narcotics. On March 8, 1952, relator was discharged from the custody of the superintendent of county prison upon the entry of bail with the clerk of the Court of Quarter Sessions of Philadelphia County in the amount of $1,000. On April 4, 1952, relator appealed to this Court from the dismissal of his petition for writ of habeas corpus. Relator at that time was not in the custody of the respondent, the superintendent of county prison, on the original commitment.

It is well settled that a person out on bail is not so restrained of his liberty as to be entitled to a writ of habeas corpus. 25 Am. Jur., Habeas Corpus, §24, p. 158. See, also, *Com. v. Green,* 185 Pa. 641, 40 A. 96; *Com. ex rel. Glenn v. Gill,* 10 Pa. C.C. 71. Relator not being in the custody of the respondent against whom the petition in habeas corpus was directed, the appeal from the order of the court below will be dismissed.

Appeal is dismissed.