Commonwealth ex rel. Riccio, Appellant, *v.*
Dilworth et al.

Argued March 21, 1955. Before RHODES, P. J., ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ. (HIRT, J., absent).

*Ivan Michaelson Czap,* for appellant.

*Victor Wright,* Assistant District Attorney, with him *William T. Gennetti,* Assistant District Attorney, and *Samuel Dash,* Acting District Attorney, for appellee.

OPINION BY ROSS, J., July 21, 1955:

Nicholas Riccio, appellant in this consolidated appeal, sought in the court below to gain his freedom or a new trial by virtue of a petition for special relief and a petition for a writ of error coram nobis. The petition for special relief, treated as a petition for a writ of habeas corpus, was dismissed after full argu-

ment. The petition for writ of error likewise was dismissed after a full hearing. This appeal followed.

Appellant and Larry Mooney were tried on April 9, 1952 before a jury on a charge of robbery. At the same trial Larry Mooney and his brother, Charles Mooney, were tried on another charge of robbery. A Henry Myers, who was also tried at this time, was acquitted. Appellant and the Mooneys were convicted. Appellant pleaded not guilty and has consistently maintained his innocence. His motion for new trial was dismissed after argument, and no appeal was taken from the dismissal. Two years later the petitions for special relief and writ of error were filed.

The petition for special relief is a stranger to our procedural system. It was treated as a petition for writ of habeas corpus by the court below, and since appellant makes no objection we will so treat it on this appeal. It sets forth as the basis for relief: First, that Riccio was convicted as a result of a mistaken identity by one of the victims; second, that Charles Mooney has since the trial confessed that he, not Riccio, was the accomplice of Larry Mooney in the robbery; third, that Riccio has been steadfast in his denial of guilt; and fourth, that he has repeatedly requested a lie detector or polygraph test to prove his innocence.

The question of the victim's identification and the appellant's steadfast denial of guilt are clearly matters which should have been raised on an appeal from the conviction. They are purely matters of sufficiency of the evidence and cannot be raised in a habeas corpus proceeding. *Com. ex rel. Fox v. Tees*, 175 Pa. Superior Ct. 453, 106 A. 2d 878.

Appellant stresses the Mooney confessions in his proceeding for writ of error coram vobis; hence it is not incumbent upon us to discuss it under this habeas corpus proceeding. Moreover, habeas corpus is not the

proper procedure for raising questions of after-discovered evidence, since the writ is designed to grant the relief of discharge from illegal confinement, not a new trial.

The request for a lie detector is quite unusual. Appellant urges us to hold that the polygraph test has now reached that stage of scientific reliability that it should be so recognized in our law of evidence. Yet he does not bring this contention before us in the usual manner. He has not attempted to introduce the results of a polygraph test in any proceeding and been refused. Had that been the case, we would be squarely called upon to determine the reliability and admissibility of the test. Instead, however, we are merely called upon to determine whether the lower court erred in refusing to give the test to appellant. Clearly it did not. Appellant does not suggest to what use the results of the test would be put in this proceeding in the event they were favorable to him. He says merely that it would be some more evidence of his innocence. How much more evidence of his innocence it would be is highly questionable. We know of no recognized authority which has ventured to state that the polygraph test is judicially acceptable. The basic case of *Frye v. United States,* 293 Fed. 1013, in 1923 held that such tests were not yet developed to the point of reliability, and thus an offer to introduce the results of such test were properly refused. Subsequent cases in other jurisdictions have similarly so held. Our Supreme Court has on two occasions recognized the use of the lie detector as an inducement by interrogators to procure a statement or confession. *Com v. Hipple,* 333 Pa. 33, 3 A. 2d 353; *Com. v. Jones,* 341 Pa. 541, 19 A. 2d 389. That does not mean, however, that the test results themselves will be recognized and admitted into evidence. The reliability and scientific infallibility of the

polygraph, lie detector, or other psychological deception test must be more definitely established before our courts will accept their results as credible.

Appellant's second petition, for a writ of error coram vobis, was based upon the after-acquired confessions of the Mooneys, exculpating Riccio from any complicity in the robbery. The Philadelphia County district attorney's office conducted a full investigation when these confessions were made. The court below and Riccio's prior counsel thoroughly examined the matter. Thereafter. this petition was presented and a full hearing was held, at which time appellant put in evidence the exculpating statements. Both Mooneys, who had previously given the statements, testified that the statements were false and were part of a plan whereby Riccio was to get out of prison so that he could hire a lawyer to obtain the release of the Mooneys. They completely and entirely repudiated the statements as being nothing more than a part of this plan. We thus have appellant seeking a writ of error coram vobis on the basis of repudiated after-acquired confessions.

"The purpose of the writ of coram nobis is to bring before the court rendering the judgment matters of fact which, if known at the time the judgment was rendered would have prevented its rendition. It lies to correct errors in fact only, and will not lie to correct errors in law, *nor will it lie to permit the review of a judgment for after discovered evidence . . .*" (Italics supplied.) *Com. v. Harris,* 351 Pa. 325, 328, 41 A. 2d 688, quoting from 2 Ruling Case Law, sec. 262, page 307; *Com. v. Connelly,* 172 Pa. Superior Ct. 363, 94 A. 2d 68.

Appellant has presented no fact which, if known at the time of trial, would have prevented the rendition of the judgment. He has merely the recanted con-

fessions. They are not facts, nor are they really in the nature of after-discovered evidence for at most they could be used only to attack the credibility of the Mooneys at any subsequent new trial. *Dincher v. Great Atlantic and Pacific Tea Co.*, 356 Pa. 151, 51 A. 2d 710.

Orders affirmed.