## Commonwealth ex rel. Anderson, Appellant, *v.* Banmiller.

Argued September 30, 1957.   Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Robert L. Anderson,* appellant, in propria persona.

*Peter F. Cianci,* Assistant District Attorney, with him *Frederick O. Brubaker,* District Attorney, for appellee.

OPINION PER CURIAM, November 12, 1957:

Relator presented his petition for writ of habeas corpus to the Court of Common Pleas of Berks County in which he alleged that he had been denied due process at his trial and conviction.

In his petition he contends that there was no valid bill of indictment, that he did not waive his right to trial by jury, and that he was not given an opportunity before his trial to prepare a defense.

The court below in dismissing the petition concluded that the matters raised in the petition were not pertinent, and that there was no issue of fact warranting a hearing on said petition.

Relator was charged with statutory rape, indecent assault, and corrupting the morals of a child. Relator waived a preliminary hearing before a magistrate and entered a plea of guilty. Thereafter relator entered a plea of guilty in the Court of Oyer and Terminer of Berks County to the charge of statutory rape. His plea, endorsed on the bill of indictment and signed by him, contains a waiver of an indictment by a grand jury pursuant to the Act of April 15, 1907, P. L. 62, §1, as amended, 19 PS §241. The sentence of the court is endorsed upon the bill of indictment which is, in proper form. Having entered a plea of guilty there was no trial. Relator had the benefit of counsel at the time he entered the plea of guilty, and he had the benefit of counsel at the time of sentence. He made no request for leave to withdraw his plea of guilty.

We have examined the record in the court of oyer and terminer including the indictment and plea notes. His petition is entirely devoid of any averment which

would require a hearing or make out a prima facie case for the allowance of the writ. See *Com. ex rel. Rogers v. Claudy,* 170 Pa. Superior Ct. 639, 90 A. 2d 382.

The order of the court below is affirmed.