## Commonwealth ex rel. Koffel, Appellant, *v.* Myers.

Submitted June 9, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Lester G. Koffel,* appellant, in propria persona.

*Peter F. Cianci,* Assistant District Attorney, and *Frederick O. Brubaker,* District Attorney, for appellee.

OPINION BY WATKINS, J., September 16, 1959:

This is an appeal by Lester G. Koffel, from an order of the Court of Common Pleas of Berks County dismissing his petition for a writ of habeas corpus.

The issues raised in this appeal are substantially the same as those raised by the appellant in a prior appeal to this Court from a refusal of a writ seeking his release from imprisonment. This Court affirmed the dismissal of his prior petition by the court below in a decision reported in *Com. ex rel. Koffel v. Myers,* 184 Pa. Superior Ct. 270, 133 A. 2d 570 (1957). A recitation of the history of this case is contained in that decision and the Court carefully discussed the points raised by the appellant, then and now, even though we said that his petition was the "now usual catchall attempt to use the extraordinary writ of habeas corpus as a substitute for appeal." The Supreme Court of Pennsylvania refused an allocatur on September 17, 1959 and the Supreme Court of the United States refused a petition for writ of certiorari on January 16, 1958. There has been nothing added in this present appeal to lend further merit to this case.

It is further to be noted that this appellant was sentenced on November 15, 1954, to undergo imprisonment

for not less than 18 months nor more than 5 years in the Eastern State Penitentiary; that at the time of this sentence he had been in prison since his arrest on July 29, 1954; that his maximum sentence expired on July 29, 1959; and that in fact the relator was released from imprisonment in the Eastern State Penitentiary on that date. This matter is, therefore, moot as he is no longer in the custody of the respondent warden. *Com. ex rel. Spader v. Burke*, 171 Pa. Superior Ct. 289, 90 A. 2d 849 (1952).

Order affirmed.