## Commonwealth ex rel. Hunter, Appellant, *v.* Banmiller.

Submitted December 14, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Charles Hunter,* appellant, in propria persona.

*Patrick F. Casey* and *Arlen Specter,* Assistant District Attorneys, *Paul M. Chalfin,* First Assistant Dis-

trict Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY MONTGOMERY, J., March 22, 1961:

This is an appeal from the order of the Court of Common Pleas of Philadelphia County, dismissing without hearing relator's petition for a writ of habeas corpus.

Relator is serving a sentence of not less than five years nor more than ten years in the Correctional Diagnostic Institution, Philadelphia, Pennsylvania, as a result of his conviction in a nonjury trial of aggravated robbery at No. 531 September Sessions, 1958. From this sentence, an appeal was filed in this court at No. 452 October Term, 1959, but this appeal was withdrawn and discontinued on December 9, 1959. On January 28, 1960, relator filed a petition to reinstate his appeal, and on March 8, 1960, we refused this petition.

A petition for writ of habeas corpus was filed in the court below, setting forth alleged trial errors, and on July 28, 1960, a rule to show cause was issued. On August 19, 1960, the petition was dismissed and this appeal followed.

Relator complains here that (1) the results of a polygraph or "lie detector" test was allegedly considered by the trial court in determining his guilt; that (2) after a nonjury trial but prior to verdict, the trial court erroneously refused to withdraw his waiver of trial by jury and order the case to be retried by a jury, and (3) that by reason of considering the results of a polygraph test, of refusing to submit the case to a jury and by ignoring his alibi witnesses, he was deprived of a fair and impartial trial. We shall consider each of these complaints in the order raised.

It is true that a polygraph or "lie detector" test or the results thereof is not judicially acceptable. *Com-*

*monwealth v. Saunders,* 386 Pa. 149, 125 A. 2d 442; *Commonwealth v. McKinley,* 181 Pa. Superior Ct. 610, 123 A. 2d 735; *Commonwealth ex rel. Riccio v. Dilworth,* 179 Pa. Superior Ct. 64, 115 A. 2d 865. Had such test or the results thereof been admitted in evidence, such admission, on appeal, would have constituted reversible error. However, there is no evidence whatever that such test was admitted or considered by the trial court in the disposition of the trial. There is evidence that relator's trial counsel requested that the adjudication of the crimes charged be held in abeyance until certain "other scientific information which I think should be submitted to the court", but there is no evidence that the trial court either admitted such evidence or considered the same. On the contrary, the trial court specifically stated: "Well, I have no reasonable doubt of the defendant's guilt and I adjudge him guilty on the three bills, 530, 531 and 532. I make that adjudication on the basis of the evidence without reference to the results of the lie detector test." It appears, therefore, that this allegation of error is without any basis in fact. In any event, such allegation, even if true, would amount to a trial error which cannot be raised on petition for writ of habeas corpus. The writ of habeas corpus cannot be substituted for a motion for a new trial or direct appeal. *Commonwealth ex rel. Kennedy v. Myers,* 393 Pa. 535, 143 A. 2d 660; *Commonwealth ex rel. Williams v. Myers,* 193 Pa. Superior Ct. 110, 162 A. 2d 419.

The second contention is likewise without merit. While the Act of 1935, June 11, P. L. 319, §2, 19 P.S. §787, provides that a "trial judge may, after hearing the case, order the withdrawal or waiver of trial by jury withdrawn, and order and direct that the case be tried before a jury", there is nothing here to indicate that the trial court abused its discretion in refusing such a request. The mere refusal of such request

does not amount to an abuse of discretion, particularly when the trial has reached the verdict stage. This allegation of error should have been raised, if at all, on appeal and not on petition for writ of habeas corpus.

Relator's third complaint refers to one matter we have not touched upon. He complains that the trial court ignored his alibi witnesses. The credibility of any witness is always one for the trier of the facts. A judge or jury may believe all, a part, or none of a defendant's testimony or that of his witnesses. *Commonwealth v. Sauders,* 390 Pa. 379, 134 A. 2d 890; *Commonwealth v. Looser,* 191 Pa. Superior Ct. 254, 156 A. 2d 905. Relator's evidence in support of his alibi, either alone or together with any other evidence may be sufficient to raise a reasonable doubt (*Commonwealth v. Bonomo,* 396 Pa. 222, 151 A. 2d 441), but it does not mean that by the mere introduction of such evidence he must be found not guilty.

Based upon the allegations contained in relator's petition, the court below was not required to grant a hearing. Where it is apparent that no issue of fact is raised, the matter may be determined on questions of law. *Commonwealth ex rel. Fritchman v. Ceraul,* 193 Pa. Superior Ct. 7, 163 A. 2d 311. We conclude that the action of the court below was proper under the circumstances here involved.

Order affirmed.