## Commonwealth *v.* Cuff, Appellant.

Submitted September 18, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

Before KELLEY, J.
Verdict of guilty and judgment of sentence entered thereon. Defendant appealed.

*Joseph John Cuff,* appellant, in propria persona.

*Arlen Specter,* Assistant District Attorney, *Paul M. Chalfin,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY RHODES, P. J., November 16, 1961:

On February 13, 1941, appellant was found guilty at a trial before a judge and a jury in the Court of Quarter Sessions of Philadelphia County on an indictment charging robbery, and was sentenced by Judge LEVINTHAL to a term of not less than ten years nor more than twenty years in the Eastern State Penitentiary. On March 6, 1961, he filed a petition to vacate judgment of sentence in the Court of Quarter Sessions of Philadelphia County, being presently incarcerated

in the United States Penitentiary in Atlanta, Georgia. This petition, which the court below apparently treated as a petition for writ of habeas corpus, was denied on May 22, 1961, by Judge KELLEY.

In his appeal to this Court, three questions are raised by appellant.

1. Appellant claims his arrest was brought about by illegally seized evidence in that a friend of the police forcibly broke into an automobile parked outside appellant's residence, and wrongfully took from it a selective service card bearing appellant's name. Appellant does not assert that such alleged illegally seized evidence was the basis of his conviction on this particular charge of robbery, but only that such evidence resulted in his arrest. The regularity of the proceedings and all other matters preliminary to the finding of an indictment cannot be raised on habeas corpus. *Com. ex rel. Lockhart v. Myers,* 193 Pa. Superior Ct. 531, 537, 165 A. 2d 400. See *Com. ex rel. Romano v. Banmiller,* 397 Pa. 606, 156 A. 2d 825. The recent case of *Mapp v. Ohio,* 367 U. S. 643, 6 L. Ed. 2d 1081, dealing with the admissibility of illegally obtained evidence in state courts, cited by appellant, has no application here.

2. In his petition appellant stated that, as a result of confinement and mistreatment by the police, he was forced to confess and pleaded guilty to a series of indictments charging armed robbery. However, he does not allege that any confession was involved in his trial on the indictment at No. 213, February Term, 1941, to which he pleaded not guilty and was tried by a jury. The petition therefore does not allege a conviction based on an involuntary confession, nor does it set forth any lack of due process on this ground. Cf. *Com. ex rel. Norman v. Banmiller,* 395 Pa. 232, 236, 149 A. 2d 881. A petition for writ of habeas corpus must be self-sustaining and, in the absence of averments of facts which, if true, would entitle relator to relief, the lower court

can properly dismiss the petition without a hearing. *Com. ex rel. Paylor v. Johnston*, 180 Pa. Superior Ct. 228, 231, 119 A. 2d 562.

3. Appellant states in his brief in this Court that he was never given a preliminary hearing before a magistrate or informed of the charges against him prior to trial. His petition in the court below contradicts this and refers to a preliminary hearing before a magistrate on February 4, 1941. However, in any event it is well settled that lack of a preliminary hearing, and the regularity of all matters prior to the finding of an indictment cannot be raised on habeas corpus. *Com. ex rel. Lockhart v. Myers*, supra, 193 Pa. Superior Ct. 531, 537, 165 A. 2d 400.

It is significant that appellant's contentions have not been raised until twenty years after his trial and sentence.

Order is affirmed.