Commonwealth ex rel. Sherman, Appellant, *v.*
District Attorney of Lancaster County.

Submitted September 15, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Edward Sherman,* appellant, in propria persona.

No argument was made nor brief submitted for appellee.

OPINION BY RHODES, P. J., November 16, 1961:

This is an appeal by relator from the order of the Court of Common Pleas of Lancaster County, dated January 6, 1961, dismissing relator's petition for a writ of habeas corpus.

A true bill was found by the grand jury at No. 52, September Term, 1957, Court of Quarter Sessions of Lancaster County, charging relator with the crime of arson. Relator was tried, found guilty by a jury, and

sentenced on December 10, 1957, to a term of not less than five years nor more than ten years. At his trial relator was represented by counsel appointed by the court. No motion in arrest of judgment or for a new trial was filed.

On January 6, 1961, relator filed a petition in the Court of Common Pleas of Lancaster County seeking a writ of habeas corpus. On the same day, the petition was dismissed on the ground that it raised no questions cognizable in habeas corpus, but only matters which should have been raised on a motion for new trial. In his petition in the court of common pleas relator avers his innocence, attacks the credibility of the Commonwealth's evidence and witnesses, questions the conduct of his counsel, and avers other alleged trial errors. He also alleges his inability to pay for and obtain a copy of the notes of testimony taken at the criminal trial.

Relator's mere averments of illegality of sentence and deprivation of constitutional rights do not set forth any facts which, if true, would make out a prima facie case for issuance of a writ of habeas corpus. The petition raises no factual questions requiring a hearing. *Com. ex rel. Hunter v. Banmiller*, 194 Pa. Superior Ct. 448, 452, 169 A. 2d 347; *Com. ex rel. Wolcott v. Burke*, 173 Pa. Superior Ct. 473, 476, 98 A. 2d 206. "In the absence of any allegations in the petition which make out a prima facie case for allowing a writ of habeas corpus, no hearing on the petition was necessary, and the issuance of a rule to show cause was not required. Com. ex rel. De Poe v. Ashe, 167 Pa. Superior Ct. 23, 74 A. 2d 767. See Act of May 25, 1951, P. L. 415, 12 PS §1901 et seq." *Com. ex rel. Rogers v. Claudy*, 170 Pa. Superior Ct. 639, 641, 90 A. 2d 382, 383. See *Com. ex rel. Chambers v. Claudy*, 171 Pa. Superior Ct. 115, 117, 90 A. 2d 383; *Com. ex rel. Bishop v. Claudy*, 373 Pa. 523, 97 A. 2d 54.

A writ of habeas corpus is not a substitute for an appeal and cannot be used to inquire into matters that should have been raised on a motion for a new trial. *Com. ex rel. Wilson v. Banmiller*, 393 Pa. 530, 532, 143 A. 2d 657; *Com. ex rel. Murray v. Keenan*, 186 Pa. Superior Ct. 107, 109, 140 A. 2d 361; *Com. ex rel. Patrick v. Banmiller*, 194 Pa. Superior Ct. 511, 513, 168 A. 2d 798.

Relator's complaint that he has not been able to obtain a transcript of the stenographic notes of testimony of the criminal trial is also not cognizable in habeas corpus. *Com. ex rel. Kimble v. Keenan*, 194 Pa. Superior Ct. 169, 172, 166 A. 2d 668.

The court below properly dismissed relator's petition.

The order is affirmed.