Commonwealth ex rel. Coffman, Appellant,
*v.* Keenan.

Submitted April 10, 1962. Before RHODES, P. J., ER-VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Dan Coffman,* appellant, in propria persona.

*Martin Lubow,* Assistant District Attorney, and *Edward C. Boyle,* District Attorney, for appellee.

OPINION BY RHODES, P. J., June 13, 1962:

Relator was tried on January 12, 1961, before a judge and a jury on an indictment at No. 16, December Sessions, 1957, charging violation of the Anti-Narcotics Act of July 11, 1917, P.L. 758, as amended, 35 PS §851 et seq.[1] He was found guilty and sentenced to a term of not less than five years nor more than ten years to run concurrently with a sentence he was then serving in the Allegheny County Workhouse on a burglary conviction. Upon expiration of the Workhouse sentence he was transferred to the Western Correctional Diagnostic and Classification Center. His petition for writ of habeas corpus was denied by the court below without hearing. He has appealed.

Relator asserts that the arrest warrant was not shown to him; that he did not know with what crime he was charged; and that he has proof of his innocence. The legality of his arrest and all matters preliminary to the finding of the indictment cannot be raised on habeas corpus. *Com. ex rel. Lockhart v. Myers,* 193 Pa. Superior Ct. 531, 537, 165 A. 2d 400; *Com. v. Cuff,* 196 Pa. Superior Ct. 274, 276, 175 A. 2d 136. Trial errors and the sufficiency of the evidence to sustain the conviction are not cognizable on habeas corpus. *Com. ex rel. Sharpe v. Burke,* 174 Pa. Superior Ct. 350, 354, 101 A. 2d 397.

Relator was not deprived of his right to a speedy trial as the record discloses valid reasons for the delay. *Com. v. Giovengo,* 188 Pa. Superior Ct. 220, 146 A. 2d 629. Trial postponements were made at the instance of relator on December 8, 1958, and on March 8, 1960.

---

[1] The Act of September 26, 1961, P. L. 1664, No. 693, repealing the former Act, was not effective until January 2, 1962.

Many of relator's allegations relate to alleged trial errors, and include alleged prejudicial remarks and conduct on the part of the trial judge. It is well settled that habeas corpus is not a substitute for an appeal and cannot be used to inquire into matters that should have been raised on motion for a new trial. *Com. ex rel. Wilson v. Banmiller,* 393 Pa. 530, 532, 143 A. 2d 657; *Com. ex rel. Patrick v. Banmiller,* 194 Pa. Superior Ct. 511, 513, 168 A. 2d 798.

Relator has not shown any error in the sentence imposed under the Anti-Narcotics Act of July 11, 1917, P.L. 758, as amended, and in effect at the time of sentence. Cf. *Com. ex rel. Kimble v. Keenan,* 194 Pa. Superior Ct. 169, 173, 166 A. 2d 668. The sentences to different institutions for different crimes were *expressly* made concurrent by the sentencing judge, and were not invalid on the ground that they could not run concurrently since served in distinct places. Cf. *Com. ex rel. Pitts v. Myers,* 196 Pa. Superior Ct. 277, 281, 175 A. 2d 331.

Finally, where it is apparent that no issues of fact are raised, the matter may be determined on questions of law and no hearing on the habeas corpus petition is necessary. *Com. ex rel. Hunter v. Banmiller,* 194 Pa. Superior Ct. 448, 452, 169 A. 2d 347.

The order is affirmed.