## Commonwealth ex rel. Weigle v. Russell

*Alan G. Weigle*, p.p. relator.

ROSSITER, J., April 2, 1963.—The above entitled petition for a writ of habeas corpus most aptly illustrates how reckless of the truth and how inaccurate a relator can be, either knowingly or unknowingly, in telling what happened to him.

In the relator's history of his case which is the basis of his plea for release on habeas corpus, he states the following: "History"

"1. Your petitioner avers he was tried without a hearing before a magistrate and convicted upon false charge by an illegal presentment of perjured testimony.

"2. Your petitioner avers said testimony did not

support the verdict rendered and further alleges this perjured testimony under oath was presentment of untrue facts which was apparent to all present in court room, and now on record."

The true situation is that May Session, 1962, no. 241, this defendant was found guilty of forgery upon which he received a sentence of two to five years and at May session, 1962, no. 242, in a jury trial he was found guilty of conspiracy to do an unlawful act and on this he received a sentence of one to two years. At both trials he was represented by able counsel.

In passing, it might be noted that according to our records there are three other undisposed of cases against this relator in which true bills have been found; one involving corrupting the morals of a child, the second a conspiracy and the third false pretense.

Irrespective of the recklessness and inaccuracy of statement as to what happened to him and which he alleges was a violation of his constitutional rights, relator in this petition alleges nothing but what could have been urged at the trial, on motion for a new trial or, even, on appeal.

Therefore, the petition for a writ of habeas corpus will be refused without hearing in line with Commonwealth ex rel. Miller v. Banmiller, 196 Pa. Superior Ct. 267; Commonwealth ex rel. Sherman v. District Attorney, 196 Pa. Superior Ct. 282; Commonwealth ex rel. Elliott v. Baldi, 373 Pa. 489, and many others of like tenor.

*Order*

And now, to wit, April 2, 1963, it is ordered that the petition in this case be filed of record in forma pauperis but the prayer of the petition is refused without hearing.