## Commonwealth ex rel. Hill v. Myers

*Beverly Hill*, p. p.
*Richard A. Sprague*, for respondent.

McCLANAGHAN, J., May 15, 1963.—The relator Beverly Hill was tried March 31, 1959, before Weinrott, J. without a jury on bills 1178-1179, December Sessions 1958, charge malicious mischief and loitering and prowling, bills 1533-1534, January sessions 1959, charge burglary with intent to commit a felony, to wit rape, and assault and battery with intent to ravish on one Ardell Shockley. He was adjudged guilty on all bills but sentence was only imposed on bill 1533. The sentence was 5 to 15 years at Eastern State Penitentiary. The sentence was to run concurrently with the sentence of five to ten years defendant was serving on

other charges. His petition for a writ of habeas corpus was heard in open court and denied.

This defendant alleges testimony was fabricated and that the testimony was insufficient to convict him. He further complains of remarks of the trial judge, which remarks were made after defendant had been adjudged guilty and at the time of imposition of sentence.

A review of the evidence indicates that the testimony was not fabricated and fully supported the verdict. Defendant was identified by the complaining witnesses, age 73, and by an independent witness, a roomer, who heard complainant scream and saw defendant, age 44, run out of the house. The complainant testified that defendant forced his way into the house, breaking the lock on the door, grabbed her around the neck and forced her back into the rear room where he attempted to push her down on a couch when he was dissuaded by the entrance into the house of the roomer and his wife.

There is no merit to defendant's contentions. As stated in Commonwealth ex rel. Coffman v. Keenan, 198 Pa. Superior Ct. 80, habeas corpus is not a substitute for appeal and cannot be used to inquire into matters that should have been raised on a motion for a new trial: Commonwealth ex rel. Wilson v. Banmiller, 393 Pa. 530.

The remarks of the trial judge were not prejudicial and were fair comments based on the evidence. Moreover, the remarks were made after the verdict of guilty had been entered and in no fashion indicate bias on the part of the trial judge.

The petition was dismissed.