Commonwealth ex rel. Rutkowski, Appellant,
*v.* Reeder.

Submitted April 16, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*William Rutkowski,* appellant, in propria persona.

*Richard V. Scarpitti,* Assistant District Attorney, and *Herbert J. Johnson, Jr.,* District Attorney, for appellee.

OPINION BY RHODES, P. J., June 12, 1963:

This is an appeal by relator from an order of the Court of Common Pleas of Erie County refusing relator's petition for a writ of habeas corpus. Relator was tried in the Court of Quarter Sessions of Erie County at No. 68, February Sessions, 1935, and was represented by counsel. He was convicted of the crime of receiving stolen goods, and on February 17, 1936, was sentenced to the Huntingdon Reformatory.

Relator is presently confined in Attica Prison, in the State of New York, as a parole violator under a New York State conviction and sentence in February, 1947, the sentence being from fifteen years to life. Relator was paroled from Attica Prison in January, 1954. He was arrested in Erie, Pennsylvania, in September, 1955, on charges of burglary and forgery. He was not prosecuted for these offenses, but was returned to Attica Prison as a parole violator. He was re-paroled from Attica Prison in July, 1961; arrested as a parole violator in Erie in July, 1962, and again returned to Attica Prison.

Relator filed a petition for writ of error coram nobis in Erie County, which was dismissed without hearing by Judge ROSSITER on November 14, 1957. A similar

petition filed by relator was refused by Judge ROSSITER on June 6, 1958. On September 19, 1962, relator filed a petition seeking a writ of habeas corpus in the Court of Quarter Sessions of Erie County directed against "The People of the State of New York and Parole Authorities of Erie County, Erie, Pennsylvania," which was likewise refused. Relator's final petition seeking a writ of habeas corpus, the subject of the present appeal, was dismissed without hearing by Judge ROSSITER on October 22, 1962.[1]

We find no merit in the present appeal. A petition for writ of habeas corpus which is repetitious of previous petitions is properly dismissed. *Com. ex rel. Cox v. Banmiller,* 195 Pa. Superior Ct. 218, 220, 171 A. 2d 544. Neither a writ of error coram nobis nor a writ of habeas corpus may be used as a substitute for an appeal. *Com. ex rel. Helwig v. Maroney,* 194 Pa. Superior Ct. 16, 17, 167 A. 2d 326.

The sentence on the conviction in Erie County, which relator now attacks, has been served. Relator's present confinement is under sentence of the New York State authorities, and his attack on the Erie County conviction is now moot. *Com. ex rel. Koffel v. Myers,* 190 Pa. Superior Ct. 426, 428, 154 A. 2d 410; *Com ex rel. Spader v. Burke,* 171 Pa. Superior Ct. 289, 90 A. 2d 849.

Assuming that the Erie County conviction is the basis of, or enters into, relator's conviction and sentence under the New York multiple offender statute, the Erie County conviction has not been shown to be invalid upon any ground. The legality of defendant's arrest and matters preliminary to the finding of an indictment cannot be raised on habeas corpus. *Com. ex rel. Lockhart v. Myers,* 193 Pa. Superior Ct. 531,

---

[1] A brief history of relator's criminal career and previous legal actions is set forth in the District Attorney's brief.

537, 165 A. 2d 400; *Com. ex rel. Coffman v. Keenan*, 198 Pa. Superior Ct. 80, 81, 182 A. 2d 288. Relator's averment of an illegal search of his sister's apartment admittedly produced no evidence used at trial; hence no question of evidence obtained through an illegal search and seizure, under *Mapp v. Ohio*, 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081, is involved here. *Com. v. Cuff*, 196 Pa. Superior Ct. 274, 175 A. 2d 136.

The order of the court below is affirmed.