## Commonwealth ex rel. Light, Appellant, *v.* Maroney.

Submitted November 22, 1963. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Francis N. Light,* appellant, in propria persona.

*Daniel E. Teeter,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, January 7, 1964:

On September 10, 1958, Francis N. Light, the appellant, was tried and convicted by a jury of second degree murder and subsequently sentenced by the trial court to an indefinite term of imprisonment, the minimum being fixed at ten years and the maximum at twenty years. No appeal from the judgment was taken.

On July 17, 1961, appellant filed a petition for a writ of habeas corpus, which after answer filed, the lower court dismissed without hearing. The legal correctness of this order is challenged by this appeal.

Late on the night of July 7, 1958, the dead body of appellant's wife was found in the trunk of an automobile standing in a parking lot adjacent to a diner. The appellant was located and taken into custody on July 8th. When questioned by the police, he said, inter alia, that he and his wife had engaged in a quarrel during which she pulled a paring knife and tried to stab him;

that he parried the blow, deflecting the knife, which accidently cut an artery on the inside of the thigh of her left leg; that from the loss of blood, she later collapsed and died without receiving medical attention.

On the same day, July 8th, he was taken before a justice of the peace. A warrant issued immediately on an information, wherein he was charged with "unlawfully, maliciously and feloniously" killing his wife. No preliminary hearing was held. The appellant was remanded to jail, and the investigation of the circumstances of the death continued. The entry of bail was not offered or release requested.

On July 12th, the appellant voluntarily submitted to a polygraphic examination, during which he then admitted having previously lied to the police concerning the occurrence of his wife's death. He then stated that he had deliberately stabbed her and caused the wound, which resulted in death.

The appellant was arraigned before the same justice of the peace on July 15th. Before the preliminary hearing, on motion of the district attorney, the information filed on July 8th was amended to include the words, "with malice aforethought." The defendant, who was then without counsel, was advised to and did enter a plea of "not guilty." The transcript reveals that the appellant was informed of the amendment and asked if it in any way surprised him, and he replied, that it did not, and that he did not wish a postponement. He was held for the grand jury. On July 23rd, the court appointed counsel to represent the defendant. An indictment was returned on August 18th, and the trial began on September 8th. No motion challenging the indictment was filed.

The appellant now contends that the amendment of the information as related above, plus the delay of seven days in holding the preliminary hearing, constituted lack of due process, which violated his constitu-

tional rights and requires his release from confinement. The contention is clearly devoid of merit.

Due process of law is incapable of exact definition. See, *Commonwealth ex rel. Ryan v. Rundle,* 411 Pa. 613, 192 A. 2d 362 (1963). Its basic elements are adequate notice and the opportunity to be heard and to defend before a fair and impartial tribunal having jurisdiction of the cause. See, *Wiley v. Woods,* 393 Pa. 341, 141 A. 2d 844 (1958); also, *Gideon v. Wainright,* 372 U.S. 335 (1963). None of these constitutional requirements were violated or absent when the defendant was tried and convicted of the crime for which he is now imprisoned. He received ample and adequate notice of the charge levied against him. He was afforded every opportunity to be heard and defend. He was represented by able counsel. There is no intimation that his trial was conducted in an unfair manner. No prejudicial error during the proceeding is asserted. Under such facts, the charge of lack of due process lacks foundation.

Technical irregularities incident to an arrest preliminary to the finding of an indictment are not valid grounds for relief through habeas corpus, after conviction: *Commonwealth ex rel. Lockhart v. Myers,* 193 Pa. Superior Ct. 531, 165 A. 2d 400 (1960); *Commonwealth v. Cuff,* 196 Pa. Superior Ct. 274, 175 A. 2d 136 (1961); *Commonwealth ex rel. Coffman v. Keenan,* 198 Pa. Superior Ct. 80, 182 A. 2d 288 (1962); and *Commonwealth ex rel. Romano v. Banmiller,* 397 Pa. 606, 156 A. 2d 825 (1959). Nor is there any time limit prescribed by law within which a preliminary hearing must be held: *Commonwealth v. Agoston,* 364 Pa. 464, 72 A. 2d 575 (1950); *Commonwealth v. Shupp,* 365 Pa. 439, 75 A. 2d 587 (1950); *Commonwealth v. Graham,* 408 Pa. 155, 182 A. 2d 727 (1962). Finally, and all important, in no event did the delay complained of herein prejudice the defendant in the slightest manner.

Since the facts set forth in the petition were insufficient to grant relief, the dismissal, without hearing, was clearly correct: *Commonwealth ex rel. Butler v. Rundle,* 407 Pa. 535, 180 A. 2d 923 (1962).

Order affirmed.