## Commonwealth ex rel. Skrtich v. Shovlin

*David Skrtich*, p.p.

SCALERA, P. J., April 1, 1968.—Relator filed a petition for a writ of habeas corpus, alleging that he is unjustly detained as an inmate of Farview State Hospital, in that his home State is the State of Florida. He requested an order of discharge under section 426 of the Mental Health and Mental Retardation Act of October 20, 1966, P. L. 6, art. IV, sec. 426, 50 PS §4426.

Section 426 of that act states that every person detained in a mental health hospital may petition for a writ of habeas corpus based upon either:

"(1) The insufficiency or illegality of the proceedings leading to such person's commitment, or,

"(2) Although the commitment proceedings were proper, such person's continued detention or hospitalization is not warranted by reason of mental disability".

Relator does not claim that his continued detention is not warranted by reason of mental disability. He claims he is unjustly detained because he is not a resident of Pennsylvania.

Relator originally was admitted to St. Francis Hospital on November 26, 1958. On February 2, 1959, he was taken from St. Francis to Danville State Hospital. He was transferred from Danville to Dixmont State Hospital on July 9, 1959. He was released in July of 1966 to go to live with his mother, who then resided in Florida.

At the time of his admission to Danville State Hospital, relator had been a resident of Pennsylvania during his entire life. His father was deceased. His mother, Alice Skrtich Temple, lived in New Brighton, Pa. While he was hospitalized, she moved to Florida. She wanted relator to come to Florida, and relator was discharged in July of 1966 to her. He immediately had trouble and was put into a State Hospital at Chattahoochee. He was returned by the State of Florida to Dixmont State Hospital, where he was admitted on August 31, 1966, upon the petition of the Director of the Beaver County Welfare Department and two doctors' certificates.

Section 311 of the Mental Health Act of 1951 states that application for the admission as a patient may be made in the interest of "Any person who appears to be mentally ill or in such condition as to need the care required by persons who are mentally ill, to the superintendent of any mental hospital . . ." This application must be accompanied by the certificates of two qualified physicians: Act of June 12, 1951, P. L. 533, art. III, sec. 311, as amended, 50 PS §1181. There is no requirement that a mentally ill person be a resident of Pennsylvania. The residence of relator, whether it be Pennsylvania or Florida, does not make the proceeding leading to his commitment illegal.

A petition was presented to this court on October 20, 1966, for the transfer of relator to Farview State Hospital. Notice was given to relator's mother. The hearing was held on November 2, 1966, and November

3, 1966, at which time it was ordered that relator be transferred to Farview State Hospital as a mental patient requiring maximum supervision: Act of June 12, 1951, P. L. 533, art. II. sec. 230, as amended, 50 PS §1140(b).

In absence of any allegations in a petition for writ of habeas corpus which make out a prima facie case for allowing the writ, no hearing on the petition is necessary and the issuance of a rule to show cause is not required: Commonwealth ex rel. Rogers v. Claudy, 170 Pa. Superior 639, 90 A. 2d 382 (1952).

ORDER

Now, April 1, 1968, it is ordered that defendant's petition be filed in forma pauperis. For the reasons set forth in the above opinion, it is ordered, adjudged and decreed that the prayer of the petition be, and it is hereby, denied, and the request for the issuance of a writ of habeas corpus be, and it is hereby, denied.