J-S06024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| DARREN EADES | |
| Appellant | No. 3544 EDA 2015 |

Appeal from the Order November 2, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1107731-1995

BEFORE:  MOULTON, J., RANSOM, J., and FITZGERALD J.[*]

MEMORANDUM BY RANSOM, J.:                    **Filed May 19, 2017**

Appellant, Darren Eades, appeals from the order entered November 2, 2015, denying his petition for habeas corpus ad subjiciendum relief filed under 42 Pa.C.S. § 6503(a), following a trial resulting in his conviction for first-degree murder, robbery, burglary, and possession of an instrument of crime.[1]  We affirm.

On September 24, 1996, a jury convicted Appellant of the above enumerated crimes in connection with his attack on a ninety-three year old woman.  On September 25, 1996, he received a sentence of life imprisonment for murder.  On January 14, 1997, Appellant was sentenced to

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502(a), 18 Pa.C.S. § 3701, 18 Pa.C.S. § 3502, and 18 Pa.C.S. § 907, respectively.

an additional aggregate sentence of twenty to forty years on the remaining charges. On May 19, 1998, this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Eades*, 718 A.2d 856 (Pa. Super. 1998) (unpublished memorandum), *appeal denied*, 736 A.2d 602 (1999) (unpublished memorandum).

Appellant timely filed his first petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, in January 2000; the petition was ultimately denied. This Court affirmed denial of Appellant's petition on August 20, 2001. *See Commonwealth v. Eades*, 785 A.2d 1026 (Pa. Super. 2001) (unpublished memorandum), *appeal denied*, 568 Pa. 679 (2002). Appellant filed two subsequent petitions seeking PCRA relief, both of which were dismissed, and the dismissals affirmed on appeal. *See Commonwealth v. Eades*, 984 A.2d 1010 (Pa. Super. 2009) (unpublished memorandum); *see also Commonwealth v. Eades*, 31 A.3d 760 (Pa. Super. 2011) (unpublished memorandum).

On March 7, 2012, Appellant submitted a request to the Department of Corrections (DOC) for a copy of his sentencing order pursuant to the Pennsylvania Right-to-Know Law (RTKL). *See* 65 P.S. §§ 67.101-67.3104. On April 12, 2012, Appellant's request was denied, as the DOC did not possess a copy of the sentencing order.

In July and October 2013, Appellant filed two petitions for writ of habeas corpus ad subjiciendum, asserting that DOC was without legal authority to detain him. Following a procedural delay, Appellant sought

mandamus relief from the Pennsylvania Supreme Court, which directed the lower court to address his petitions. *See Eades v. Philadelphia Common Pleas Courts*, 123 A.3d 775 (Pa. 2015). Upon review, in November 2015, the court denied Appellant habeas corpus relief.[2]

Appellant timely filed the instant appeal and a contemporaneous rule 1925(b) statement of matters complained of on appeal. Herein, Appellant presents three issues for our review:

> 1. Whether the court erred in dismissing Appellant's Writ of Habeas Corpus Ad Subjiciendum without an evidentiary hearing.
>
> 2. Whether the court misapplied *Joseph v. Glunt* and misinterpreted § 9764(a)(8).
>
> 3. Whether the court erred by not issuing an order to show cause as to why Appellant's Writ of Habeas Corpus Ad Subjiciendum should not be granted.

Appellant's Brief at 4.

We will first address Appellant's second claim for ease of analysis. Appellant contends that he is entitled to habeas corpus relief.[3] Our standard of review is as follows:

_____

[2] To the extent Appellant asserted his sentence was illegal, the court denied PCRA relief. Memorandum Opinion 4/4/16, at 4. Appellant does not pursue a claim in this regard on appeal.

[3] Post conviction relief implicating the legality of a sentence is typically governed by the PCRA. *See* 42 Pa.C.S. § 9542. However, this Court has previously determined that where a petitioner challenges the legality of his
*(Footnote Continued Next Page)*

Our standard of review of a trial court's order denying a petition for writ of habeas corpus is limited to abuse of discretion. Thus, we may reverse the court's order where the court has misapplied the law or exercised its discretion in a manner lacking reason. As in all matters on appeal, the appellant bears the burden of persuasion to demonstrate his entitlement to the relief he requests.

*Rivera v. Pa. Dep't of Corr.*, 837 A.2d 525, 528 (Pa. Super. 2003) (citations omitted).

According to Appellant, the DOC lacks authority to confine him unless it possesses a written sentencing order. Appellant's Brief at 5-6. As DOC has acknowledged it does not possess a sentencing order, according to Appellant, his confinement is unlawful. Appellant's Brief at 7, 21.

Appellant cites in support 42 Pa.C.S. § 9764(a)(8), which provides:

§ 9764. **Information required upon commitment and subsequent disposition**

(a) **General rule.** -- Upon commitment of an inmate to the custody of the Department of Corrections, the sheriff or transporting official shall provide to the institution's records officer or duty officer, in addition to a copy of the court commitment form DC–300B generated from the Common Pleas Criminal Court Case Management System of the unified judicial system, the following information:

* * *

(8) A copy of the sentencing order and any detainers filed against the inmate which the county has notice.

*(Footnote Continued)* ─────────────

confinement, the claim properly sounds in habeas corpus. *See Joseph v. Glunt*, 96 A.3d 365, 368 (Pa. Super. 2014).

- 4 -

42 Pa.C.S. § 9764(a)(8); *see* Appellant's Brief at 8; *see also* 37 Pa. Code § 91.3 (providing that DOC will confine persons in accordance with Section 9764).[4]

As noted by the trial court, the issue raised by Appellant is controlled by this Court's decision in *Joseph v. Glunt*, 96 A.3d 365, 268 (Pa. Super. 2014). Similarly, in that case, a petitioner sought habeas corpus relief based upon an alleged violation of Section 9467. *Joseph*, 96 A.3d at 369-70. As we observed therein:

> The language and structure of section 9764, viewed in context, make clear that the statute pertains not to the DOC's authority to detain a duly-sentenced prisoner, but, rather, sets forth the procedures and prerogatives associated with the transfer of an inmate from county to state detention. None of the provisions of section 9764 indicate an affirmative obligation on the part of the DOC to maintain and produce the documents enumerated in subsection 9764(a) upon the request of the incarcerated person. **Moreover, section 9764 neither expressly vests, nor implies the vestiture, in a prisoner of any remedy for deviation from the procedures prescribed within.**

*Joseph*, 96 A.3d at 371 (emphasis supplied) (footnote omitted).

Therefore, Appellant's reliance upon Section 9764 is misplaced, as it does not provide a remedy to incarcerated persons. *Id.* Accordingly, no habeas corpus relief is due.

_____

[4] To the extent Appellant attempts to argue that 42 Pa.C.S. § 9764 is itself unconstitutional or that the habeas court erred in failing to provide a statutory construction analysis, we note that Appellant did not raise this argument in the lower court. Thus, Appellant has waived this argument on appeal. *See* Pa.R.A.P. 302.

Nevertheless, we further note the following. Here, the lower court reviewed the record and confirmed that a copy of the actual sentencing order was contained within the quarter session file and certified record. Memorandum Opinion, 4/14/16, at 5-6. Appellant's sentences were also outlined in the notes of testimony of the sentencing hearings and accurately docketed by the clerk of courts. *See* Notes of Testimony (N.T.), 9/25/96, at 93-95; *see also* N.T., 1/14/97, at 1-9. Thus, the DOC has sufficient authority to maintain Appellant's detention even without possession of a written sentencing order. *See Joseph*, 96 A.3d at 372.

Finally, Appellant's remaining arguments, alleging that the court erred in failing to hold a hearing and issue a rule to show cause as to why his writ should not be granted, are without merit. A rule to show cause and hearing are not required where Appellant's allegations are fully refuted by the record of the trial court or where Appellant's petition does not make out a prima facie case for allowing the writ. *See Commonwealth ex rel. Rogers v. Claudy*, 90 A.2d 382 (Pa. Super. 1952); *see also Commonwealth ex rel. De Poe v. Ashe*, 74 A.2d 767 (Pa. Super. 1950). Therefore, Appellant's arguments have no merit based on our conclusion above.

Accordingly, we discern no abuse of discretion and conclude that the trial court correctly denied Appellant's petition for habeas corpus relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/19/2017